IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTE LEONARDO FLOWERS,<br>    Plaintiff,<br>    v.<br>T. SCHLIG, et al.,<br>    Defendants.<br>_____ | No. C 12-1748 JSW (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against officials at Salinas Valley State Prison. Plaintiff is granted leave to proceed in forma pauperis in a separate order. The Court now reviews the complaint and dismisses it with leave to amend.

## DISCUSSION

I.    <u>Standard of Review</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement

of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

II. <u>Legal Claims</u>

Plaintiff alleges that Defendant Schlig, a correctional officer, forced him to the ground on September 7, 2011, after Plaintiff "had words" with Defendant Morgado, a prison nurse. Morgado had allegedly told Plaintiff several days before "you'll get yours," and Defendant Parra, another correctional sergeant, looked at Morgado and smiled. Plaintiff alleges that Defendant Sergeant Mohler was aware that Plaintiff's "safety was an issue" several days prior.

Plaintiff also alleges that Defendant Dr. Wilson, who works in the mental health department, and Mohler placed Plaintiff in a mental health "rubber room" with a sheet over the window. Plaintiff alleges that on two occasions Defendant Parra did not feed him. After five days, Plaintiff was sent back to administrative segregation. According to Plaintiff, Defendant Montano, a correctional officer, told him "it's on" and about two

weeks later Montano did not feed Plaintiff and said "I'll use force on you."

The allegations against Schlig do not state a cognizable claim under the Eighth Amendment. When prison officials stand accused of using excessive force in violation of the Eighth Amendment, the issue is whether force was applied maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Not every malevolent touch by a prison guard gives rise to a federal cause of action. *Id.* at 9. The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind. *Id.* An inmate who complains of a push or shove that causes no discernable injury almost certainly fails to state a valid excessive force claim. *Id.* Schlig's forcing Plaintiff to the ground on one occasion, after Plaintiff had exchanged hostile words with a prison employee, is a de minimis use of force that, even if it were malevolent, does not rise to the level of an Eighth Amendment violation.

The alleged verbal threats by Defendants Morgado and Montano also do not state a cognizable claim for relief. Allegations of mere threats also are not cognizable under Section 1983. *See Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987). There is no alleged use of force by these Defendants, and their verbal harassment and threats that they might do not, without more, rise to the level of a constitutional violation.

Plaintiff's placement in a mental health "rubber room" by Dr. Wilson and Mohler for five days also does not state a cognizable claim for relief. The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). A prison official violates the Eighth Amendment when two requirements are met: the deprivation alleged must be, objectively, sufficiently serious, and the prison official possesses a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must consider

the circumstances, nature, and duration of the deprivation; the more basic the need, the shorter the time it can be withheld. *See Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).

Plaintiff has not alleged anything about the conditions in the mental health room, let alone that such conditions were so bad that they constitute a sufficiently serious deprivation to violate the Eighth Amendment. Nor has he alleged facts that could indicate, even when liberally construed, that his temporary placement was not necessary to address his mental health needs. Defendant Parra's depriving him of two meals over five days, like Montano's failure to feed him on one occasion, also do not amount to a sufficiently serious deprivation to implicate the Eighth Amendment. *Cf. id.* at 732-733 (four days of substantial deprivations of shelter, food, drinking water or sanitation for four days are sufficiently serious to satisfy the objective component of an Eighth Amendment claim); *see Foster v. Runnels*, 554 F.3d 807, 812, n.1, 816 (9th Cir. 2009) (denial of 16 meals over 23 days is "a sufficiently serious deprivation" to meet objective prong of Eighth Amendment deliberate indifference, but not denial of 2 meals over 9-week period).

Plaintiff's complaint will be dismissed because his allegations, even when liberally construed, do not state a cognizable claim for relief under Section 1983 that Defendants have violated his constitutional rights. Plaintiff will be granted leave to amend his complaint to state a cognizable claim, provided he can do so in good faith.

## CONCLUSION

1. The complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff shall file an amended complaint within **thirty (30) days from the date this order is filed**. The amendment must include the caption and civil case number used in this order (No. C 12-1748 JSW (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original or amended complaints by

reference. <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of this action</u>.

  2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

  IT IS SO ORDERED.

DATED: <u>May 1, 2012</u>

_____
JEFFREY S. WHITE
United States District Judge

|   |   |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | FOR THE |
| 3 | NORTHERN DISTRICT OF CALIFORNIA |

DONTE L. FLOWERS,

        Plaintiff,

  v.

T SCHLIG et al,

        Defendant.

      /

Case Number: CV12-01748 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 1, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Donte L Flowers V-36182
aka Leonardo Donte
SALINAS VALLEY STATE PRISON (1020)
P.O. BOX 1020
SOLEDAD, CA 93960

Dated: May 1, 2012

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk